ERIC GRANT
United States Attorney
NCHEKUBE ONYIMA
Special Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   v.<br><br>RICARDO GUTIERREZ,<br><br>               Defendant. | CASE NO. 2:25-CR-00037 DC<br><br>UNITED STATES' SENTENCING MEMORANDUM<br><br>DATE: September 12, 2025<br>TIME: 9:30 a.m.<br>COURT: Hon. Dena Coggins |

## I.   INTRODUCTION

Defendant Ricardo Gutierrez ("Gutierrez") is set for judgment and sentencing on September 12, 2025, after pleading guilty to one count of sexual exploitation of a child in violation of 18 U.S.C. § 2251(a). Both parties, as well as the Probation Office, agree that the guideline range of imprisonment is 292-365 months. The United States hereby respectfully recommends that Gutierrez be sentenced to a low-end guideline sentence. The United States joins in the recommendation of the Probation Office and further recommends a 10-year term of supervised release, a special assessment of $100 under 18 U.S.C. § 3013, a special assessment of $5,000 pursuant to 18 U.S.C. § 3014, and a special assessment of $5,000 pursuant to 18 U.S.C. § 2259A(a)(3).

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On June 6, 2025, Gutierrez pleaded guilty to Count 1 of the Indictment (ECF 19) pursuant to a plea agreement. (ECF 18).

In or around May 2024, Gutierrez used his cell phone to send child sexual abuse material (CSAM) to a woman. (PSR ¶ 5). Gutierrez also sent the woman text messages asking her if she had "little girls neighbors". *Id*. The CSAM sent to the woman by Gutierrez was of a five-to eight-year-old girl orally copulating an adult male. *Id*. The woman reported the encounter to law enforcement who eventually obtained a search warrant for Gutierrez's residence and cell phone. (PSR ¶¶ 9 and 10).

Search of Gutierrez's cell phone revealed that, in April 2024, while using Facebook messenger, Gutierrez screen recorded two videos that included himself watching Minor Victims 1, 2, 3, and 4 engaged in sexually explicit conduct. In the first video, Gutierrez is seen talking with Minor Victim 1 and Minor Victim 2. The minor victims then fully expose their vaginas to Gutierrez. (PSR ¶ 10). Minor Victim 1 and Minor Victim 2 are believed to be under the age of 12 at the time the video was recorded by Gutierrez. In the second video, Gutierrez is seen watching Minor Victim 1, Minor Victim 2, Minor Victim 3, and Minor Victim 4 engage in sexually explicit conduct. Specifically, Gutierrez recorded a video of the minor victims as their vaginas and buttocks were displayed to Gutierrez. (PSR ¶ 41). As the minor victims' vaginas and buttocks were displayed, Gutierrez is seen making gestures with is tongue. *Id*. Minor Victim 3 appeared toddler age, and Minor Victim 4 appeared prepubescent at the time the video was recorded by Gutierrez. *Id*.

In addition to the two videos recorded by Gutierrez, law enforcement also located over 4,800 files depicting sexual abuse of children on Gutierrez's cell phone. (PSR ¶ 41). Law enforcement also found that Guterriez distributed over 50 images and/or videos depicting sexual abuse of children, including images of a male's penis entering an infant, and a prepubescent female orally copulating a male adult. (PSR ¶ 40).

### III.    THE PLEA AGREEMENT AND U.S.S.G. CALCULATIONS

The plea agreement included stipulations as to the applicable sentencing guidelines. As part of the plea agreement Gutierrez stipulated to a 4-point offense level enhancement for the minor victims being under the age of 12 under USSG 2G2.1(b)(1), a 2-point enhancement for Gutierrez's use of a computer under USSG 2G2.1(b)(6)(B)(ii), and a 5-point enhancement for Gutierrez's pattern of activity under USSG 2G2.2(b)(5).

The probation officer agreed with the parties' offense level enhancement for the minor victims

being under the age of 12.  However, the probation officer did not find that the 2-point enhancement for use of a computer was applicable in this case.  Instead, the probation officer's final PSR recommends a 2-point multiple count enhancement under USSG 2G2.1(d)(1) and USSG 3D.  The probation officer also included a 5-point enhancement for repeat and dangerous sex offender against minors under USSG 4B1.5(b)(1) instead of the parties' stipulated enhancement for pattern of activity under USSG 2G2.2(b)(5).  In the end, both the probation officer's and the parties' estimated guidelines resulted in a criminal history category of I and a total offense level of 40 resulting in a guidelines calculation of 292-365 months[1].

## IV.  SENTENCING RECOMMENDATION AND RESTITUTION

Consistent with its obligations under the plea agreement, the United States recommends a sentence at the low end of the applicable sentencing guidelines.  The United States further recommends a 10-year term of supervised release and $10,100 in special assessments.  Given the nature and circumstances of the offense, the history and characteristics of this defendant, and the need for a sentence that serves as an adequate deterrent and protects the public, such a sentence is sufficient, but not greater than necessary to achieve the objectives of the 3553(a) factors.  A low-end guideline sentence in this case would result in a serious sentence which reflects the gravity of Gutierrez's conduct and will serve to deter Gutierrez from future criminal conduct.  Recommending the low end of the applicable guideline range also takes into consideration Gutierrez's early acceptance of responsibility.

Restitution is mandatory in this case pursuant to 18 U.S.C. § 2259.  Pursuant to the plea agreement, Gutierrez agreed to pay restitution for the full amount of the victims' losses including losses related to all matters included as relevant conduct.  As of the date of the filing of this Memorandum, the victims' losses have yet to be determined.  In the plea agreement signed by the parties, Gutierrez agreed to not oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.  As such, the government requests that the Court set a restitution hearing for November 21,

---

[1] Because the statutorily authorized maximum sentence in this case is 30 years, the guideline range is 292-360 months. 18 U.S.C. § 2251(e).

2025, which is within the time allotted by 18 U.S.C. § 3664(d)(5), to allow time for the victims' losses to be ascertained.

## V.     CONCLUSION

For the foregoing reasons, the United States recommends that the Court impose a low-end guideline sentence followed by a 10-year term of supervised release, and $10,100 in special assessments based on the nature and circumstances of the offense, Gutierrez's minimal criminal history and the applicable guideline range. 18 U.S.C. § 3553(a). The government further requests that the Court set a restitution hearing for November 21, 2025.

Dated: September 4, 2025

ERIC GRANT
United States Attorney

By: /s/ *Nchekube Onyima*
Nchekube Onyima
Special Assistant United States Attorney

4