HEATHER E. WILLIAMS, Bar # 122664
Federal Defender
DOUGLAS BEEVERS, #288639
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Telephone: 916.498.5700
douglas_beevers@fd.org

Attorney for Defendant
RICARDO GUTIERREZ

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case №:2:25-CR-0037 DC |
|---|---|
| Plaintiff, | **DEFENDANT'S SENTENCING MEMORANDUM** |
| vs. | |
| RICARDO GUTIERREZ, | Date:  September 12, 2025<br>Time:  9:00 a.m.<br>Judge Hon. Dena Coggins |
| Defendant. | **Interpreter Case** |

Defendant, RICARDO GUTIERREZ, by Heather E. Williams, Federal Defender, and Douglas Beevers, Assistant Federal Defender, submits this memorandum to assist the Court in evaluating the 18 U.S.C. §3553 factors in order to determine a reasonable sentence.

**I.     The History and Characteristics of the Defendant**

Mr. Gutierrez is a 28-year old U.S. citizen who was raised in Mexico and does not speak English.  He has no criminal history but has a serious untreated psychological disorder which was compounded by alcohol abuse.  Due to Mr. Gutierrez growing up in Mexico he has limited knowledge of U.S. resources for

Ricardo Gutierrez: Sentencing Memorandum     1

treatment of psychosexual problems, so he has not had the chance to use the resources to address his problems.  He knew that he had an attraction to minors and he had no difficulty complying with that law.  He was not aware that filming minors urinating was a serious crime carrying a potential punishment of up to 30 years for a first offense.  He had no idea that filming children urinating was ten times more serious than the crime of having actual sexual intercourse with a minor under age 16. See Cal. Penal Code. § 261.5(maximum penalty 4 years).

       Of course he was aware that encouraging children to videochat while urinating was an interference with the parents' rights of privacy, but he had no idea that it was punishable as production of child pornography.  He had no intent to save it or to post it to the internet.  Had he known of the seriousness with which the U.S. treats child urination videos he would not have done it.

       He does admit that he probably would have had trouble controlling all his behavior and he did download and share child pornography.  However, the typical and maximum punishments for distribution of child pornography are much lower than the guideline range for this offense which exceeds the maximum sentence of 30 years in prison for a first offense which may have caused no harm to the victims.

Ricardo Gutierrez: Sentencing Memorandum    2

## II. Sentencing Guidelines 18 U.S.C. §3553(a)(4)

The pre-sentence report correctly calculates the guidelines as 292-360 months prison. PSR para. 72. However, §3553(a) requires judges to consider other policy statements in the guidelines. In §5 H1.1 the Commission recognized that a downward departure may be warranted for youthfulness, since Mr. Gutierrez committed the crime when he was 27:

> A downward departure also may be warranted due to defendant's youthfulness at the time of the offense or prior offenses. Certain risk factors may affect a youthful individual's development into the mid-20's and contribute to involvement in criminal justice systems, including environment, adverse childhood experiences, substance use, lack of educational opportunities, and familial relationships. In addition, youthful individuals generally are more impulsive, risk-seeking, and susceptible to outside influence as their brains continue to develop into young adulthood. Youthful individuals also are more amenable to rehabilitation. (Emphasis added.)

U.S.S.G. § 5H1.1.

The Sentencing Commission explained that in line with the Commission's statutory duty to establish sentencing policies that reflect "advancement in knowledge of human behavior as it relates to the criminal justice process," 28 U.S.C. § 991(b)(1)(C), this amendment reflects the evolving science and data surrounding youthful individuals, including recognition of the age-crime curve and that cognitive changes lasting into the mid-20s affect individual behavior and culpability. The amendment also reflects expert testimony to the Commission indicating that certain risk factors may contribute to youthful involvement in criminal justice systems, while protective factors, including appropriate interventions, may promote desistance from crime. See Adopted Amendment to §5H, April 30, 2024. The Sentencing Commission does not cite what "evolving

Ricardo Gutierrez: Sentencing Memorandum   3

science and data around youthful individuals" it was referring to in support of this change.

### III. Avoiding Unwarranted Sentencing Disparity 18 U.S.C. §3553(a)(6)

The Sentencing Guidelines are designed to assist judges in avoiding unwarranted sentencing disparity as required by 18 U.S.C. §3553. Other tools the Sentencing Commission has created to assist judges are the Sentencing Commission research reports which compile statistics on what judges are actually doing in sentencing defendants. For example, the Sentencing Commission's *October 2021 Federal Sentencing of Child Pornography Production Offenses* reported that 57% of child pornography production defendants received variances and were sentenced below the guidelines. See Attached Ex. A at p. 3. This statistic shows that in child pornography production offenses there is a risk that a within-the-guideline-range sentence could cause unwarranted disparity in many cases.

This report shows that Mr. Gutierrez' child pornography production case is highly unusual. The Report shows that 80% of the child pornography offenders were sentenced for an offense that involved sexual contact with a minor which is far mor serious than the urination pictures in Mr. Gutierrez's case. See. Ex. A Page 6. The majority--60% of child pornography production defendants--were related to or maintained a position of trust over the minor victim, which is more egregious than the non-coercive connection Mr. Gutierrez had with his victims. See Report page 4. The Sentencing Commission reported that 40% of the child pornography defendants had also committed a contact sexual offense against a minor. See Report page 41.

The Sentencing Commission reported that most judges have paid attention to three factors: proximity, propensity and degree of sexual contact if any. For example: for the 201 defendants convicted of child pornography production where

Ricardo Gutierrez: Sentencing Memorandum    4

the offender (like Mr. Gutierrez) was not present with the victim when the production occurred the average sentence was 234 months in prison. See Ex. A at page 44.  This statistic shows that even a low end of the guideline sentence would cause unreasonable sentencing disparity with hundreds of other similarly situated defendants.

On Page 45 of the Report, the Commission reports that the average sentence for production defendants who (like Mr. Gutierrez) were internet strangers was only 249 months prison.  The sentence recommended by U.S. Probation is similar to the average sentence for parents who produced child pornography with their own children – a far more egregious crime causing far more long -lasting trauma. Giving Mr. Gutierrez a sentence similar to that imposed on parents would create unwarranted disparity regardless of whether the guideline ranges are similar.

On page 48 of the Report, the Commission explains that child pornography production defendants who (like Mr. Gutierrez) had no sexual contact with the victim receive an average sentence of 221 months prison.   The Governments' recommendation of 293 months is very close to the average sentence (307 months) for defendants who actually engaged in sexual contact with the victim.  U.S. Probation's recommendation is even higher than the average for offenders who actually participated in sexual acts.  A sentence of 307 months or near to it would create unwarranted disparity between persons like Mr. Gutierrez who observe and those far more serious offenders who coerce minors into performing sex acts with adults.

The Report at page 48 shows that judges pay attention to how the defendants influenced minor to participate.  Mr. Gutierez did not use any coercion or enticement and the average sentence for defendants like him was 266 months prison.  The Government's recommendation of 293 months is higher than the average for defendants who used coercions.  U.S. Probation's recommendation is

Ricardo Gutierrez: Sentencing Memorandum     5

higher than the 313 months average sentence for defendants who incapacitated their victims.

According to the Commission, judges pay attention to whether a defendant has a prior history of sex offenses with minors, and for defendants (like Mr. Gutierrez) who had no history of prior sex offenses with children or adults the average sentence is 267 months prison. See Ex. A p. 51.

Based on the data collected by the Sentencing Commission to assist judges in avoiding unwarranted disparity, a sentence of more than 240 months prison would create unwarranted sentencing disparity by giving him a sentence closer to sentences imposed on parents who abused their children and defendants who actually produced pornography involving sexual acts.

The Defendant recognizes that he also committed the uncharged offense of distribution of child pornography, but a sentence of 240 months prison would be an unusually harsh sentence for a first time offender convicted of distribution of child pornography.  The Sentencing Commission's Quick Facts Report shows, in child pornography trafficking cases the average sentence was 151 months for first offenders.  See Ex. B: Sentencing Commission Quick Facts 2024.

Mr. GUTIERREZ also asks the Court to avoid unwarranted disparity with other defendants sentenced in this district for similar crimes.  For example, in *U.S. v. Jason Scarcello*, 2:12CR 288-TLN, this Court imposed a low-end 97-months sentence for receipt of child pornography by a defendant whose "graphic and offensive" chats discussed "kidnapping, torturing and eating children." See. 2:12CR-288-TLN ECF 86 (Government Memorandum).  In Scarcello, the prosecution argued for a 97-month low-end of the range sentence and argued that chats involving cannibalism and kidnapping of children were relevant to rebut defense request for a downward variance. *Id*.

`In *United States v. Donald Threatt*, the Court imposed a sentence of 212 months prison on defendant who attempted to entice a 15-year old victim to

commit sex acts in 2017 after having a prior conviction for a similar attempt in 2013. See 2:127CR0076-TLN, ECF 42 (plea agreement). Mr. Threatt showed up to the attempted enticement scene with two cameras and rope after having discussed his plan to tie up the victim and make a pornographic video. See 2:17CR 76-TLN ECF 42 (factual basis). In Mr. Threatt's case, the parties stipulated to offense level 34 and his criminal history category was III so he faced a 188-235 month range. 2:17CR0076-TLN ECF 52 (Defense Memo). Defense asked for a low end of the guidelines based on his age and military service record. The Government argued for a high-end sentence of 235 months based on the fact that he had dozens of other chats soliciting sex with other real victims and child pornography on his computer. 2:17CR76-TLN, ECF 53 (Government Memo). The Court imposed a mid-range sentence of 212 months on Mr. Threatt, who committed a much more serious crime and had a much more serious record. Mr. Threatt's strongest mitigating factor was that he enlisted in the military during wartime. *Id*.

In a more recent case, *U.S. v. Kevin Martin*, this Court imposed 200-month sentence on a defendant convicted of attempting to have an 11-year old victim's parent force her to commit sex acts after Mr. Martin had a prior pattern of attempting to meet children for sex. See 2:17CR0059-TLN at ECF 34 (plea agreement) and 54 (Gov't Sentencing Memo). The parties stipulated to argue for sentences within offense level 35, for a 168-210 months range, and the Government agreed to dismiss the distribution of child pornography charges which according to the complaint included 3 videos of sexual penetration of victims between ages three to seven. *Id*. at ECF 43 and ECF 52. In Mr. Martin's case, the Government argued for a high-end sentence of 200 months in part based on Mr. Martin's chats where he bragged about having sex with his former roommate's 11 year old daughter. In *United States v. Kerfoot*, 2:23-CR-00269-DAD, Judge Drozd imposed 324 months prison for production of child pornography on a defendant

Ricardo Gutierrez: Sentencing Memorandum    7

who produced actual sex acts videos with his victim after having a prior conviction for a sex offense. In *United Staes v. Bruce Garcia*, 2:23CR234, Judge Nunley imposed 235 months on a defendant who produced child pornography by means of a hidden camera in a minor's shower in his household. Mr. Gutierrez's case is more similar to Mr. Garcia's case than Mr. Kerfoot's and his sentence should be similar.

IV.   **The Seriousness of the Offense/Circumstances of The Offense:**

The pre-sentence report correctly describes the offense as involving the defendant asking minor girls to let him watch them urinate over video chat. The actual videos are not of any sexual acts, because for persons who are not pedophiles pictures of children urinating are not sexual and thus are not pornography. Many serious art works depict children urinating as a symbol of youthful rebellion:



Ricardo Gutierrez: Sentencing Memorandum     8



The famous Renaissance fountain *Manneken Pis* Brussels, Belgium depicts a young boy urinating.



A more recent fountain of a female young girl urinating Jeanneke Pis is not considered pornography.

Ricardo Gutierrez: Sentencing Memorandum    9



That female statue was commissioned by the City of Brussels and its image is almost exactly the same as the images Mr. Gutierrez is facing 30 years in prison for depicting.

Mr. Gutierrez is guilty of the crime of producing child pornography, only because he participated in producing the videos for his own sexual motives. *See United States v. Boam,* 69 F.4th 601 (9th Cir. 2023)(holding that hidden camera videos for sexual purposes were child pornography). Under the *Boam* rule the character of the picture does not define pornography in cases like Mr. Gutierrez' thus a person who is not a pedophile would not produce child pornography by making videos of children peeing.

Mr. Gutierrez did not distribute the videos, so it is hard to imagine what harms the victims of this case suffered as a result of being seen once or twice by Mr. Gutierrez doing a normal act for their age. It seems very unlikely that Congress was intending to punish the videotaping of urinating children when it passed this statue. Reading the heart-breaking letters from the victims of actual sex act child pornography shows that it is the permanence of the internet that causes the most harm. The fact that Mr. Gutierrez did not post these images weighs heavily in favor of the lowest sentence.

Ricardo Gutierrez: Sentencing Memorandum    10

Reading the letters from the victims whose images Mr. Gutierrez distributed shows that Mr. Garcia caused more real harm by his distribution and receipt of child pornography than by the watching children urinate on video chat. Defense asks the Court to give Mr. Gutierrez a sentence of 180 months prison which is higher than the average sentence (151 months) for distributors of child pornography – but at the lowest end of the sentences for production of child pornography offenses.

## V.   Deterrence 18 U.S.C. §3553(a)(2)(B)

The mandatory minimum sentence of 15 years prison is only effective for deterrence if it is well known. A 15-year sentence for a urination video would seem very harsh to the general public and would send a message that even borderline sexual videos are severely punished.

## VI.   Kinds of Sentence Available/Need for Treatment 18 U.S.C. §3553(a)(2)(D)

Mr. GUTIERREZ has a serious psychiatric condition which was untreated at the time of the offense. He would like to try treatment. According to the Department of Justice Office of Sex Offender Sentencing, Monitoring, Apprehending, Registering and Tracking, sex offender treatment can be effective https://smart.ojp.gov/somapi/chapter-7-effectiveness-treatment-adult-sex-offenders. Mr. Gutierrez can be given life time supervised release in connection with a lower prison sentence. The tough conditions of supervised release are likely to be very effective for a person like Mr. Gutierrez who has no criminal record. Mr. GUTIERREZ looks forward to participating in treatment and reintegrating into society.

Ricardo Gutierrez: Sentencing Memorandum    11

SUBMITTED: September 4, 2025

                        HEATHER E. WILLIAMS
                        Federal Defender

                        */s/ Douglas Beevers*
                        DOUGLAS BEEVERS
                        Assistant Federal Defender
                        Attorney for Defendant